**DINSMORE & SHOHL LLP**
ANNE M. TURNER, SB# 315861
   E-Mail: Annie.Turner@dinsmore.com
BRITTANY L. KELLY, SB# 341176
   E-Mail: Brittany.Kelly@dinsmore.com
550 S. Hope Street, Suite 2800
Los Angeles, California 90071
Telephone: 213.335.7759

Attorneys for Defendants
UNITED PARCEL SERVICE, INC.
(erroneously sued as UNITED PARCEL
SERVICE)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SCOTT SMITH,<br><br>                    Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br>and Does 1-10,<br><br>                    Defendants. | Case No.: 8:25-cv-01492<br><br>**DEFENDANT UNITED PARCEL SERVICE, INC.'S NOTICE OF REMOVAL**<br><br>Dept.: TBD<br>Judge: TBD<br>Complaint Filed:   November 25, 2024<br>Trial Date:          Not Yet Set |

Defendant United Parcel Service, Inc. (erroneously sued as United Parcel Service) ("Defendant" of "UPS"), by counsel and pursuant to 28 U.S.C. sections 1331, 1332, 1441, and 1446, hereby gives notice of the removal of the above-styled action to this Court. In support of its Notice of Removal, Defendant states as follows:

## THE STATE COURT ACTION

1.     On November 25, 2024, Plaintiff Scott Smith ("Plaintiff") filed a complaint against Defendant in the Superior Court of Orange, California in the matter entitled *Scott Smith v. United Parcel Service, a Corp doing Business in California, and Does 1-10,* Case No. 30-2024-01441730-CU-OE-WJC.  Plaintiff alleged the following causes of action against Defendant: (1) Whistleblower Retaliation; (2)

1

Hostile Work Environment; (3) Failure to Prevent Retaliation; (4) Wrongful Termination; (5) Wage + Hour Violations; (6) Age Discrimination; (7) Unsafe Environment; (8) Failure to Notify City + Authorities of Change of Practice for Seasonal Helpers "Use of Private Car" Resulting in Arrest by Officers + Helicopter Detained as "Porch Pirate"; (9) Retaliation for Injury; (10) Retaliation for Payroll Claim. *See* Declaration of Brittany L. Kelly ("Kelly Decl.") at ¶4, Ex. A, ¶¶6-21.

2.      In accordance with 28 U.S.C. § 1446(a), in addition to the Complaint, the state court action contains the additional process, pleadings and orders: Civil Case Cover Sheet (Kelly Decl. at ¶5, Ex. B); Order on Court Fee Waiver (Kelly Decl. at ¶7, Ex. C); Notice of Case Management Conference (Kelly Decl. at ¶6, Ex. D); Notice of Rejected Summons (Kelly Decl. at ¶8, Ex. E); Summons Issued and Filed (Kelly Decl. at ¶9, Ex. F); Minutes Finalized for Chambers Work 02/21/2025 (Kelly Decl. at ¶10, Ex. G); Clerk's Certificate of Mailing/Electronic Service (Kelly Decl. at ¶11, Ex. H); Minutes Finalized for Order to Show Cause 04/03/2025 (Kelly Decl. at ¶12, Ex. I); Clerk's Certificate of Mailing/Electronic Service (Kelly Decl. at ¶13, Ex. J); Proof of Service of Summons (Kelly Decl. at ¶14, Ex. K); and Minutes Finalized for Order to Show Cause 06/05/2025 (Kelly Decl. at ¶15, Ex. L).

3.      No further proceedings have occurred in the State Court Action.

4.      To the best of Defendant's knowledge, although fictitious "Doe" Defendants are listed on the Complaint, no other defendants have been properly named or served with the Complaint.  For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).

5.      Defendant was served with, and actually received a copy, of the State Court Action on June 9, 2025, within thirty (30) days of this Notice of Removal.

## REMOVAL PROCEDURES AND VENUE

6.      This Notice of Removal is filed within thirty (30) days of Defendant's notice of the lawsuit and is timely filed in accordance with 28 U.S.C. § 1446(b). Furthermore, this Notice of Removal is filed less than one (1) year from the

commencement of this action pursuant to 28 U.S.C. § 1446(c)(1).

7.    In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice of Removal to Plaintiff.

8.    Pursuant to 28 U.S.C. § 1446(d), Defendant will also file a duplicate copy of this Notice with the Clerk of the Superior Court for Orange, California.

9.    In accordance with 28 U.S.C. § 1446(b), venue is properly placed in the United States District Court for the Central District of California – Southern Division because it is the district court for the district and division where the State Court Action is pending (Superior Court for the State of California, County of Orange).

10.    Further, this action is not an action made non-removable by 28 U.S.C. § 1445(c).

## COMPLETE DIVERSITY OF CITIZENSHIP

11.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction, as this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12.    A person is a citizen of the state in which he or she domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resided with the intention to remain or to which she intends to return." *Id.* (*citing Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)).

13.    [T]he determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence,…location of personal and real property,…place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 750. Allegations of residency in a state court complaint are prima facie evidence of domicile and create a rebuttable presumption of domicile supporting diversity of citizenship. *See*, *e.g.*, *Gutterman v. Wachovia Mortgage*, No. 11-CV-1611-GAF-CW, 2011 WL 2633167, *4 (C.D. Cal. Mar. 31, 2011) (plaintiff's residence and ownership of property sufficient to establish his domicile in California); *Sadeh v. Safeco Ins. Co.*, No. CV-12-03117- SJO-

3
**NOTICE OF REMOVAL**

PLA, 2012 WL 10759737, at *2 (C.D. Cal. June 12, 2012) (a person's residence can be prima facie evidence of citizenship).

14.    Plaintiff is an individual residing in the State of California. Kelly Decl. at ¶4, Ex. A, at 2:4-6. Plaintiff alleges that at all times mentioned Plaintiff "was a resident of Orange County, State of California." *Id.* Accordingly, Plaintiff is a citizen of the State of California for the purposes of diversity jurisdiction within the meaning of 28 U.S.C. § 1332.

15.    For the purposes of diversity jurisdiction, a corporation is considered a citizen of both the state in which it is incorporated and the state in which its principal place of business is located.

16.    Defendant is incorporated in the state of Ohio with its principal place of business located in Georgia. Accordingly, Defendant is a citizen of the state of Delaware and the state of Georgia.

17.    In determining whether a civil action is removable on the basis of jurisdiction arising under 28 U.S.C. § 1332, the citizenship of defendants sued under fictitious names, such as John Doe, is disregarded. *See* U.S.C. § 1332(b)(1).

18.    The alleged citizenship of "Does 1-10" should be disregarded because Plaintiff has not pled "allegations that concern the Doe Defendants [that] provide a reasonable indication of their identity, the relationship to the action, and their diversity destroying citizenship." *Moch v. N & D Restaurants, LLC*, No. 8:24-CV-01501-JVS-JDE, 2024 WL 4213587, at *3 (C.D. Cal. Sept. 16, 2024) (citations omitted). Because Plaintiff has not given "a definite clue about the identity of the fictitious defendant," the citizenship of the Court should not consider the citizenship of the Doe Defendants. *Mason v. Home Depot U.S.A., Inc.*, No. 24-CV-02428-MRA (MAR) 2024 WL 3029500, at *2–3 (C.D. Cal. June 17, 2024) (citations omitted).

19.    As Plaintiff is a citizen of California and Defendant is a citizen Delaware and Georgia, complete diversity of citizenship between the parties exists. 28 U.S.C. § 1332(a). On information and belief, Defendant is the only defendant who has been

4

**NOTICE OF REMOVAL**

served in the State Court Action. If the Court is inclined to consider the alleged citizenship of "Does 1-10," Plaintiff alleges these unknown individuals reside in California. Nonetheless the so-called "forum defendant rule" does not bar removal here because "Does 1-10" have not been "properly joined *and* served." 28 U.S.C. § 1441(b)(2) (emphasis added); *see, e.g., Dechow v. Gilead Scis., Inc.,* 358 F. Supp. 3d 1051, 1054, 2019 U.S. Dist. LEXIS 22049, *6 ("The text of § 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served."); *Colo. Seasons, Inc. v. Friedenthal*, 2020 U.S. Dist. LEXIS 84645, *11 ("In light of the text of § 1441(b)(2) and the cases that have interpreted it, § 1441(b)(2) does not preclude the removal of an action in which a forum defendant has been named in the complaint, but has not yet 'properly joined and served.' A contrary interpretation would, in effect, either read 'served' out of the statute or read into it a requirement of a fact-intensive inquiry to determine whether there was a reasonable opportunity for service of the unserved defendant prior to removal."); *H.K. Cont'l Trade Co. v. Natural Balance Pet Foods*, 2023 U.S. Dist. LEXIS 53418, *10, 2023 WL 2664246 (§ 1441(b)(2) does not preclude the removal of an action in which a forum defendant has been named in the complaint, but has not yet 'properly joined and served'"); *see also Jacob v. Mentor Worldwide, LLC*, 393 F. Supp. 3d 912, 921, 2019 U.S. Dist. LEXIS 128989, *12-13, 2019 WL 3500325; *Zirkin v. Shandy Media, Inc.,* 2019 U.S. Dist. LEXIS 24540, *5-6, 2019 WL 626138. Additionally, the Second and Third Circuits have recently held that snap removal is permitted; *see, e.g. Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704-07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152-54 (3d Cir. 2018). The Fifth Circuit also agreed with the Second and Third Circuits. *See Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020).

20.    Based on the foregoing paragraphs, the requirement of complete diversity of citizenship is satisfied in this case.

**AMOUNT IN CONTROVERSY**

21. An action may be removed where the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

22. Plaintiff alleges a "Complaint for Damages" and that Defendant is "subject to Fair Employment & Housing Act." Kelly Decl. at ¶4, Ex. A at ¶ 3 and p. 1-3.

23. A prevailing plaintiff is entitled to lost wages under the Fair Employment and Housing Act. Plaintiff ceased employment with Defendant on November 26, 2022 and is presumed out of work for approximately seventy-two (72) weeks as of the time this Notice of Removal was filed. Kelly Decl. at ₱18. At the time of his termination, Plaintiff's last rate of pay was $24.00 an hour. *Id.* Assuming Plaintiff worked twenty-five (25) hours a week and has been unable to find comparable replacement work, Plaintiff's back pay would be $43,200 in lost wages alone. Conservatively estimating a trial date, one year from removal, Plaintiff's lost wages alone would total $74,400.

24. A prevailing plaintiff is entitled to non-economic damages under the Fair Employment and Housing Act. Courts in the Central District have regularly found it appropriate to apply a 1:1 ratio of emotional distress damages relative to economic damages for purposes of calculating the amount in controversy requirement. *See Cotoc v. Dolex Dollar Express, Inc.*, 2021 U.S. Dist. LEXIS 161240, at * 15-16 (C.D. Cal. August 25, 2021) (applying a 1:1 ratio for non-economic damages for calculating amount in controversy in an employment action); *Cuevas v. Lowes Home Ctrs., LLC*, 2020 U.S. Dist. LEXIS 206629, at *14 (C.D. Cal. Aug. 5, 2020); *Garfias v. Team Indus. Servs., Inc.*, 2017 U.S. Dist LEXIS 167370, at *12 (C.D. Cal. Oct. 10, 2017). As such, Plaintiff's total non-economic damages may also be calculated at $74,400 for purposes of determining the amount in controversy requirement.

25. While Defendant disputes punitive damages are warranted, Plaintiff's

**NOTICE OF REMOVAL**

complaint may also seek punitive damages as alleged. *See* Kelly Decl. at ¶4, Ex. A at p. 1-3. While there is no maximum sum, punitive damages typically range from one to four times the amount of actual damages. *See Perez v. CarMax Auto Superstores Cal., LLC*, 2014 U.S. Dist. LEXIS 11130, at * 4-5 (S.D. Cal. Jan. 28, 2014) (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)); *See also Mahim Khan v. Hologram USA Inc. et al.*, Case No. BC654017, 2019 Jury Verdicts LEXIS 125655 (Dec. 2, 2019) (Los Angeles jury awarding $50 million in punitive damages in a sexual harassment case). Assuming on the low end that punitive damages are calculated at the same amount of Plaintiff's actual damages, Plaintiff's damages are more than three and a half times the statutory minimum for the amount in controversy requirement.

26.    Finally, Plaintiff has alleged that Defendant is "subject to Fair Employment & Housing Act" and Plaintiff's causes of action fall under the Fair Employment & Housing Act, Plaintiff's claims are subject to attorneys' fees and costs. (Ex. A, pg. 15). Where the law entitles a plaintiff to recover reasonable attorney fees, "a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy." *See Brady v. Mercedez-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). Notably, this includes future attorneys' fees. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 795 (9th Cir. 2018). "Attorneys' fees in individual discrimination cases often exceed the damages." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002).

27.    Accordingly, based on the significant and varied alleged sources of damages above, Defendant asserts in good faith that the total amount "at stake" for Plaintiff's claims exceeds $75,000.

28.    Consequently, this Court has original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this matter may be removed by Defendant pursuant to 28 U.S.C. § 1441(a).

NOTICE OF REMOVAL

## RESERVATION OF RIGHTS

29.    Defendant denies the allegations contained in Plaintiff's Complaint. Defendant files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

30.    Further, in making the assertions in this Notice of Removal, Defendants do not concede in any way that Plaintiff has alleged causes of action upon which relief can be granted, that the allegations or inferences drawn therefrom are accurate, or that Plaintiff is entitled to recover any amounts sought.

31.    Defendant further reserves the right to amend or supplement this Notice of Removal as appropriate.

WHEREFORE, Defendant respectfully requests that this action be removed to the United States District Court for the Southern District of California, and the Superior Court of California, County of Orange proceed no further with respect to this action.

Respectfully submitted,

DATED:  July 9, 2025              DINSMORE & SHOHL LLP

By:  */s/ Brittany L. Kelly*
ANNE M. TURNER
BRITTANY L. KELLY
Attorneys for Defendant,
UNITED PARCEL SERVICE, INC.
(erroneously sued as UNITED PARCEL SERVICE)